**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

B.M.,                                          :
                                               :
                    Plaintiff,                 :
                                               :
          v.                                   :        Case No: 3:20-CV-94-MSH
                                               :        Social Security Appeal
COMMISSIONER OF SOCIAL                         :
SECURITY,                                      :
                                               :
                    Defendant.                 :
_____

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's

("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits,

finding that she is not disabled within the meaning of the Social Security Act and

accompanying regulations.  Plaintiff contends that the Commissioner's decision was in

error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c).  All administrative remedies have been exhausted.  Both parties filed their

written consents for all proceedings to be conducted by the United States Magistrate Judge,

including the entry of a final judgment directly appealable to the Eleventh Circuit Court of

Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of

whether it is supported by substantial evidence and whether the correct legal standards

were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks and citation omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam).  The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic."  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1)(A).  In addition to meeting the requirements of the statute, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id*. at § 404.1520(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id*. at § 404.1520(a)(4)(ii).  A claimant must have a "severe impairment," which is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. at § 404.1520(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id*. at § 404.1520(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id*. at § 404.1520(a)(4)(iv).  Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  *Id*. at § 404.1520(a)(4)(v).  In

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* at § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 8006 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on August 24, 2017, alleging that she became disabled to work on February 14, 2016. Tr. 24. Her claims were denied initially on November 8, 2017, and upon reconsideration on March 9, 2018. *Id.* She timely requested an evidentiary hearing before an ALJ on April 9, 2018, and the hearing was held on November 15, 2019. *Id.* Plaintiff appeared with her attorney and gave testimony, as did an impartial vocational expert ("VE"). *Id.* On January 16, 2020, the ALJ issued an unfavorable decision denying her claim. Tr. 21-41. Plaintiff sought review by the Appeals Council but was denied on August 3, 2020. Tr. 1-10. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for benefits. Her case is ripe for review. 42 U.S.C. § 405(g).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges that she became disabled, Plaintiff was thirty-five years old and classified as a "younger individual" under the Commissioner's regulations. Finding 7, Tr. 35; 20 C.F.R. 404.1563. She has an advanced education and past relevant work as a school psychologist, research psychologist, and academic dean. Findings 6, 8, Tr. 35. In

conducting the five-step sequential analysis used by the Commissioner in evaluating claims for disability, the ALJ found, at step two, that Plaintiff has severe impairments of migraine, epilepsy, neurocognitive disorders, and post-concussive syndrome.  Finding 3, Tr. 27.  At step three, she determined that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finding 4, Tr. 28-29.  Between steps three and four, the ALJ assessed Plaintiff to have the RFC to perform a full range of work at all exertional levels, although with both postural and environmental limitations and very extensive non-exertional limitations.   Finding 5, Tr. 29-35.   At step four, the ALJ determined Plaintiff's restricted RFC prevents her from returning to her past relevant work as a school psychologist, research psychologist, or academic dean.  Finding 6, Tr. 35.  At step five, the ALJ elicited testimony from the VE that Plaintiff could, however, work as an office helper, housekeeper, or counter clerk within her RFC, and that these jobs are available to her in the national economy.  Finding 10, Tr. 36-37.  She, therefore, found Plaintiff to be not disabled to work.  Finding 11, Tr. 37.

## DISCUSSION

Plaintiff asserts the ALJ failed to properly assess her severe impairment of migraine headache and relied on an inadequate rationale in deciding that she is not disabled.  Pl.'s Br. 1, 12-21.  Social Security Ruling 19-4 provides guidance on how primary headache disorders are established to be medically determinable impairments and evaluated in disability claims.  SSR 19-4p, 84 Fed. Reg. 44667-01 (Aug. 26, 2019).  The ALJ found Plaintiff to have migraines, a primary headache disorder according to the Ruling.  But he

5

discounted her statements concerning the disabling nature of the impairment because he found the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence. Tr. 30. In doing so, the Court notes, the ALJ used terms such as "treating source" and "examining source" which have been discontinued by new regulations promulgated by the Commissioner and effective for cases filed on or after March 27, 2017, such as Plaintiff's. Tr. 34.

On March 27, 2017, the Social Security Administration revised the regulations regarding medical opinions from a claimant's treating sources. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017); *see* 20 C.F.R. §§ 404.1520c. The regulations now specify that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ will, instead, consider all medical opinions through the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. *Id*. at § 404.1520c(c)(1)-(5). The ALJ is only required to discuss the first two factors. As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. at § 404.1520c(c)(1). With respect to consistency, "[t]he more

consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(1). The remaining factors need only be discussed if the record contains persuasive differing medical opinions or prior administrative findings. *Id.* at § 404.1520c(b).

Although the ALJ adequately discussed the long and extensive record of Plaintiff's efforts to obtain relief and acknowledged that the therapies set forth in SSR19-4 were largely unsuccessful, he twice specifically relied on her lack of emergency medical care to support his decision that the headaches were not disabling. Tr. 34, 35. The record shows several visits to an emergency room, however, beginning in February 2016, after a concussion from a significant head and neck injury. Tr. 30. She was regularly and consistently treated thereafter by neurologists and pain management physicians who used a full spectrum of treatment, medication, and therapy to alleviate her pain. This is what SSR 19-4 contemplates. It says plainly that while a headache may "sometimes warrant emergency department visits," the "purpose of the emergency department care is to determine the correct headache diagnosis, exclude secondary causes of the headache (such as infection, mass-lesion, or hemorrhage), initiate acute therapy in appropriate cases, and provide referral to an appropriate healthcare provider for further care and management of headaches." SSR 19-4, 84 Fed. Reg. at 44669.

After her initial visit to the emergency room following the traumatic head and neck injury, Plaintiff treated with primary care physicians and neurologists and pain

management physicians, which is exactly what the Ruling contemplates.  It is error warranting remand for the ALJ to rely on a course of treatment entirely consistent with and expressly contemplated by the Commissioner's rulings as a basis to deny a disability claim premised on subjective complaints of pain which prevent a claimant from engaging in substantial gainful activity.

## CONCLUSION

For the foregoing reasons, the Court remands Plaintiff's application for disability insurance benefits to the Commissioner for further proceedings consistent with this opinion.

SO ORDERED, this 2nd day of September, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE